IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01868-BNB

OLOYEA D. WALLIN, a.k.a. DONALD OLOYEA WALLIN, a.k.a. OLOYEA WALLIN,,

    Applicant,

v.

MICHAEL MILLER, Warden of Crowley County Correctional Facility, and
JOHN SUTHERS, The Attorney General fo the State of Colorado,

    Respondents.

---

ORDER OF DISMISSAL

---

    Applicant is in the custody of the Colorado Department of Corrections at the Crowley Correctional Facility in Olney Springs, Colorado.  He has filed an Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 challenging his conviction in Arapahoe District Court Case No. 03CR2296 for second degree assault, aggravated auto theft, theft, and violent sentence enhancer.  Applicant was found guilty of second degree assault and violent sentence enhancer and was sentenced to fourteen years of incarceration and three years mandatory parole.

    Applicant asserts twenty-one claims in the Application.  The parties agree that Applicant's action is timely under 28 U.S.C. § 2244(d) and he has a postconviction motion pending in the Colorado Supreme Court.

    On January 7, 2014, Magistrate Judge Boyd N. Boland entered an order denying Applicant's request to stay the Application pending his exhaustion of state remedies. The January 7 Order also directed Applicant to show cause within thirty days why the Application should not be dismissed as a mixed petition.

    On February 25, 2014, Applicant filed a Response to the Show Cause Order, ECF No. 33, in which he asks the Court to dismiss the Application without prejudice so

that he may exhaust his unexhausted claims in the state courts and return to federal court once all of his claims are exhausted.

Pursuant to 28 U.S.C. § 2254(b)(1), an application for a writ of habeas corpus may not be granted unless it appears that the applicant has exhausted state remedies or that no adequate state remedies are available or effective to protect the applicant's rights. *See O'Sullivan v. Boerckel*, 526 U.S. 838 (1999); *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The exhaustion requirement is satisfied once the federal claim has been presented fairly to the state courts. *See Castille v. Peoples*, 489 U.S. 346, 351 (1989). Fair presentation requires that the federal issue be presented properly "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever*, 36 F.3d at 1534.

"The exhaustion requirement is not one to be overlooked lightly." *Hernandez v. Starbuck*, 69 F.3d 1089, 1092 (10th Cir. 1995). A state prisoner bringing a federal habeas corpus action bears the burden of showing that he has exhausted all available state remedies. *See Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992). Even if state remedies properly have been exhausted as to one or more of the claims presented, a habeas corpus application is subject to dismissal as a mixed petition unless state court remedies have been exhausted for all of the claims raised. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982); *Harris v. Champion*, 48 F.3d 1127, 1133 (10th Cir. 1995).

The Application contains both exhausted and unexhausted claims. Applicant has elected to voluntarily dismiss his Application so that he may exhaust state remedies for all of his claims and then return to federal court. Applicant is reminded that the one-year limitation period in 28 U.S.C. § 2244(d) will be applied to any new federal court action that he files. Furthermore, the time during which a 28 U.S.C. § 2254 application

is pending in this Court does not toll the one-year limitation period in § 2244(d). See *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001) (holding that "an application for federal habeas corpus review is not an 'application for State post-conviction or other collateral review' within the meaning of 28 U.S.C. § 2244(d)(2)" and "therefore did not toll the limitation period during the pendency of [an applicant's] first federal habeas petition"). The fact that the instant action currently is timely under § 2244 does not mean that any future § 2254 action filed by Applicant will be timely.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. See *Coppedge v. United States*, 369 U.S. 438 (1962). If Applicant files a notice of appeal he also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the January 7, 2014 Order to Show Cause is discharged. It is

FURTHER ORDERED that the Application for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (ECF No. 1) is DISMISSED WITHOUT PREJUDICE. It is

FURTHER ORDERED that *in forma pauperis* status on appeal is denied.

DATED at Denver, Colorado, this  4th  day of   March  , 2014.

BY THE COURT:

 s/ Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court